10-1450-ag
Jiang v. Holder

BIA
Hom, IJ
A097 512 139

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges.*

_____

JING BIN JIANG,
> *Petitioner*,

> v.                                              10-1450-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF
JUSTICE, IMMIGRATION & NATURALIZATION SERVICE,
> *Respondents*.

_____

FOR PETITIONER:           Jing Bin Jiang, *pro se*, Brooklyn, NY.

FOR RESPONDENTS:          Tony West, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Erik M. Fagley, Paralegal Specialist; Jessica R. C. Malloy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jing Bin Jiang, a native and citizen of the People's Republic of China, seeks review of a March 22, 2010 order of the BIA affirming the February 4, 2008 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Bin Jiang*, No. A097 512 139 (B.I.A. Mar. 22, 2010), *aff'g* No. A097 512 139 (Immig. Ct. N.Y. City Feb. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision, and assume Jiang's credibility. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Economic harm may constitute persecution; however, "an applicant for asylum must demonstrate a severe economic

disadvantage." *Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007) (internal quotation marks omitted). At a minimum, Jiang would need to demonstrate the "deliberate imposition of a substantial economic disadvantage" in order to show that the economic harm he suffered rose to the level of persecution. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002). The disadvantages to which Jiang testified included paying extra fees and higher tuition costs for his education, having to discontinue his education after junior high school due to financial constraints, and having difficulty obtaining a high paying job. He additionally stated that his mother had a difficult time supporting the family because of the fines assessed against her. These economic difficulties do not "involve noticeably more than mere loss of social advantages or physical comforts." *See Matter of T-Z-*, 24 I. & N. Dec. at 173; *see also Guan Shan Liao*, 293 F.3d at 67.

Furthermore, as noted by the BIA, Jiang has not presented any evidence, such as country reports, to explain "how his form of educational and financial hardships rose to the level of persecution, nor has he compared his level of education or economic opportunities to others in the same

region or province in China" in order to make possible an assessment of his degree of economic disadvantage. *See Guan Shan Liao*, 293 F.3d at 67 (concluding that the agency reasonably determined that petitioner failed to demonstrate economic persecution where he did not present testimony or other evidence of his income in China, his net worth at the time of the fine, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fine). Accordingly, as the agency concluded, Jiang failed to demonstrate that he was subject to economic persecution.

Because the agency reasonably concluded that Jiang did not establish past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Thus, because Jiang did not demonstrate past economic persecution, or a separate well-founded fear of future persecution, the BIA did not err in denying his application for asylum. *See* 8 C.F.R. § 1208.13(b)(1), (2); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Furthermore, because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum

claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991). Finally, the issues decided by this Court in its February 2007 Order are not subject to relitigation. *See Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) ("Otherwise known as res judicata, claim preclusion bars a subsequent action - involving either the same plaintiffs or parties in privity with those plaintiffs - from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits."); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979). Accordingly, Jiang is barred from relitigating his claims for asylum, withholding of removal, and protection under CAT because of his parents' alleged mistreatment, China's coercive family planning measures, or his illegal departure.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5